IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARY EVAN GIAMALVA, | § | |
| TDCJ-CID NO.1202929, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-10-1258 |
| | § | |
| RICK THALER, | § | |
|     Respondent. | § | |

MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Cary Evan Giamalva, a state inmate incarcerated in the Luther Unit of the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), seeks habeas corpus relief to challenge the execution of his sentence. (Docket Entry No.1). Because petitioner has failed to exhaust his state remedies, the Court will dismiss this action.

Claims

On October 21, 2003, petitioner was convicted by a jury of the felony offense of assault of a family member in the 179th District Court of Harris County, Texas, in cause number 939030. (Docket Entry No.1). He was sentenced to twenty years in TDCJ-CID. (Id.). The First Court of Appeals for the State of Texas affirmed his conviction on November 4, 2004. Giamalva v. State, No.01-03-01135-CR, 2004 WL 2475283 (Tex. App.-Houston [1st Dist.] 2004). Petitioner did not file a petition for discretionary review in the Texas Court of Criminal Appeals. (Docket Entry No.1).

Petitioner filed six state habeas applications seeking relief

from this conviction and sentence.  The first and second state applications were dismissed because a direct appeal was pending. Giamalva v. Thaler, Civil Action No.H-08-3112 (S.D. Tex. Nov. 10, 2009).  His third application was denied by the Texas Court of Criminal Appeals on December 7, 2005, without written order on the trial court's findings without a hearing.  Id.  Petitioner's fourth, fifth, and sixth state habeas applications were dismissed as successive.  Id., Texas Court website.[1]

Petitioner filed a federal habeas petition challenging his conviction on October 10, 2008.  Giamalva, Civil Action No.H-08-3112.  He complained that his sentence was illegal because it exceeded the ten-year statutory maximum; the felony conviction and enhancement were improper because the prior conviction did not have an affirmative finding of family violence; and the felony assault conviction was improper because one of the prior convictions was more than ten years old.  Id.  This Court found that the petition was time-barred and that petitioner was not entitled to equitable tolling of the limitations period.  Id.

Petitioner challenged the legality of his sentence in a second federal habeas petition, which the Court dismissed on July 26, 2010, as successive.  Giamalva v. Thaler, Civil Action No.4:10-2543 (S.D. Tex. July 26, 2010).

In the pending petition and response to the more definite

---

1 See http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2406615

statement, petitioner seeks federal habeas relief on grounds that the State has violated his liberty interest and due process rights by:

1.  Failing to correct erroneous information in the commitment inquiry,

2.  Arbitrarily and capriciously removing his good conduct-time,

3.  Refusing to apply all earned good conduct-time and work-time credit to his sentence.

(Docket Entries No.1, No.2, No.6).  Petitioner claims by these acts, the State has extended the date of his release to mandatory supervision.  Petitioner also claims that the State is performing the function of a judge by changing his sentence in violation of the separation of powers doctrine and has acted in bad faith. (Id.).

The Court liberally construes petitioner's claims as a challenge to his release to mandatory supervision and not to the legality of his sentence.

## Analysis

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." Sones v. Hargett, 61 F.3d 410, 414 (5th Cir. 1995). The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity. Coleman v. Thompson, 501 U.S. 722 (1991). Those statutes provide

3

in pertinent part as follows:

    (b)(1)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (I)   there is an absence of available State corrective process; or

               (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

                        * * * *

    (c)    An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) - (c).  Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court.  <u>Castille v. Peoples</u>, 489 U.S. 346 (1989); <u>Fisher v. Texas</u>, 169 F.3d 295, 302 (5th Cir. 1999).  Generally, exhaustion in Texas may take one of two paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a Petition for Discretionary Review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals.  <u>Myers v. Collins</u>, 919 F.2d 1074 (5th

Cir. 1990).

Under Texas law, a complaint regarding the calculation of a mandatory supervision release date may be raised by way of writ of habeas corpus under article 11.07.  *See* <u>Ex parte Mathis</u>, No.WR-66285-02, 2009 WL 1165437 (Tex. Crim. App. 2009) (not designated for publication).  However, before petitioner may seek state habeas relief on his mandatory supervision claim, he must exhaust his time credit claim in accordance with state law.  <u>Id.</u>  Time credit claims filed after January 1, 2000, are cognizable in Texas on a writ of habeas corpus only if the inmate seeking time credit relief first exhausts administrative remedies by complying with Section 501.0081 of the Texas Government Code.  <u>Ex parte Stokes</u>, 15 S.W.3d 532 (Tex. Crim. App. 2000) (per curiam).  Section 501.0081 prohibits an inmate challenging the time credited on his sentence from filing a state application for writ of habeas corpus until he receives a written decision from the State or if no written decision is issued, until the 180th day after he filed the time credit claim. TEX. GOVT CODE ANN. § 501.0081(b) (Vernon 2004).

Petitioner does not indicate that he has presented his claims to the Texas Court of Criminal Appeals in accordance with state law; therefore, he has presented unexhausted claims in the pending petition.  As such, his petition is subject to dismissal under 28 U.S.C. § 2254.  Furthermore, petitioner has not demonstrated that there is no available corrective process in state court or that there are circumstances that render such process ineffective.  28

U.S.C. § 2254(b)(1)(B); <u>Alexander v. Johnson</u>, 163 F.3d 906, 908 (5th Cir. 1998).

A federal habeas petition that contains unexhausted claims must be dismissed in its entirety. <u>Thomas v. Collins</u>, 919 F.2d 333, 334 (5th Cir. 1990). Accordingly, the Court will dismiss the pending petition for failure to exhaust state remedies.

<u>Certificate of Appealability</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." <u>Id.</u>; <u>Beazley v. Johnson</u>, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was

6

correct in its procedural ruling." Beazley, 242 F.3d at 263 (quoting Slack, 529 U.S. at 484); *see also* Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing that reasonable jurists would find the Court's procedural ruling debatable. Therefore, a certificate of appealability from this decision will be DENIED.

## Conclusion

For these reasons, the Court ORDERS as follows:

1.   The petition is DISMISSED WITHOUT PREJUDICE, for failure of the petitioner to exhaust all available remedies on all his claims to the state's highest court of criminal jurisdiction as required by 28 U.S.C. § 2254.

2.   All pending motions, if any, are DENIED.

3.   A certificate of appealability is DENIED.

The Clerk will provide copies of this Order to the parties.

SIGNED at Houston, Texas on _____ *August 23*_____, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE